772 A.2d 913

IN THE MATTER OF CLARK PEASE, AN ATTORNEY AT LAW.

May 24, 2001.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 99–457, concluding that **CLARK PEASE** of **MERCHANTVILLE,** who was admitted to the bar of this State in 1984 and who has been ineligible to practice law in New Jersey since September 25, 2000, for failure to comply with *R.* 1:28–2, should be disciplined for violating *RPC* 1.8(e) (providing financial assistance to a client in connection with pending or contemplated litigation), *RPC* 5.3(c) (failure to supervise a nonlawyer employee), *RPC* 7.2(c) (giving something of value to a person for recommending the lawyer's services), *RPC* 7.3(b)(4) (directly contacting a prospective client concerning a specific event when such contact has pecuniary gain as a significant motive), *RPC* 7.3(d) (compensating a person to recommend or secure the lawyer's employment by a client or as a reward for having made a recommendation resulting in the lawyer's employment by a client), *RPC* 7.3(f) (accepting employment when the lawyer knows or it is obvious that the person who seeks the lawyer's services does so as a result of conduct prohibited under this Rule) and *RPC* 8.4(a) (violating or attempting to violate the Rules of Professional Conduct, knowingly assisting or inducing another to do so, or doing so through the acts of another);

And respondent having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that **CLARK PEASE** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective immediately; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.